UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    **Hon. Hugh B. Scott**

                      v.

                                                    11CR202S

                                                      **Order**

CHARLES PALMER,
  GEORGE KRAJAS, et al.,

                    Defendants.

      Before the Court is the Government's motion (Docket No. 108[1]) for reconsideration of the decision to hold a Franks[2] hearing for defendant George Krajas (Docket No. 103, Order of July 19, 2012, at 11-13, 15; cf. Docket No. 76, Krajas Motion). Responses to this motion were due by August 8, 2012, and the motion was argued on August 10, 2012 (text minute entry, Aug. 10, 2012), and deemed submitted as of that date (Docket No. 112). As a result of that motion, the Franks hearing scheduled for August 10, 2012 (see Docket No. 106; Docket No. 103, Order of July 19, 2012, at 11-13, 15), was canceled (Docket No. 112). Familiarity with these prior Orders is presumed.

---

    [1]In support of its motion, the Government submits its Motion, Docket No. 108. In opposition, defendant Krajas submits his Reply Memorandum to Government's Motion for Reconsideration, Docket No. 116.

    [2]See Franks v. Delaware, 438 U.S. 154 (1978).

BACKGROUND

Defendants were indicted on June 16, 2011, in a multiple count Indictment for conspiracy by all eleven defendants to possess with intent to distribute cocaine, cocaine base, marijuana, and hydrocodone from at least November 2010, to the date of the Indictment (Docket No. 1, Indict., Count 1).  Two defendants also were charged with seven individual counts of possession of cocaine, cocaine base or marijuana by George Krajas or Charles Palmer, Sr., or by both Krajas and Palmer, Sr., together (id. Counts 2-8).  The Indictment also charges a forfeiture allegation against premises on Broadway in Buffalo, New York (id. at pages 7-8).  The alleged possessions occurred in November of 2010, May and June of 2011 (id., Counts 2-8).

This was a portion of one omnibus motion (among several filed by codefendants), wherein defendant Krajas sought a Franks hearing regarding omissions from the record for issuance of the wiretap Order, complaining that the agent's affidavit contains boilerplate allegations that have been rejected in other courts (Docket No. 76, Krajas Atty. Affirm. ¶¶ 29-35, 34).  Krajas argued that there were material omissions in the wiretap application by not disclosing the criminal background of CS-1, the confidential source relied upon as the basis for seeking the wiretap, as well as purported personal bias of CS-1 (Docket No. 93, Krajas Memo. at 2-3).  Looking at whether probable cause was established, Krajas pointed out that the affiant agent relied upon information provided by confidential sources (id. at 7; Docket No. 83, Ex. A, Aff. of Marcello Falconetti at 4-5). Krajas complained that it was not clear from the affidavit whether one or multiple confidential sources were relied upon (Docket No. 93, Krajas Memo. at 7).

The Government relied upon two informants, identified for now as CS-1 and CS-2, to support probable cause for the wiretap Order.  As for CS-1, Krajas argued that the omissions on the reliability of CS-1 materially affected the application (id. at 8).  As for CS-2, Krajas argued alternatively that with CS-2 the necessity argument for wiretap was removed (since it is believed that CS-1 lived in Krajas' household, see Docket No. 76, Krajas Atty. Aff. ¶ 21[3]) and that CS-2 was unreliable (Docket No. 93, Krajas Memo. at 8-12).  In anticipation of a Franks hearing, Krajas also sought pre-hearing disclosure of all documents which might tend to show that the Government had failed to disclose all of the information required by statute (Docket No. 76, Krajas Atty. Aff. ¶¶ 36-38), listing specific categories of documents to be produced (id. ¶ 39).

The Government responded that Krajas' allegations about the facts not disclosed to the issuing judge (about CS-1 living with defendant, his theft of $6,000, and pending criminal charges against him) did not affect the Court's probable cause decision in issuing the wiretap Order (Docket No. 87, Gov't Response to Krajas Motion ¶ 28).  The Government concludes that sufficient probable cause was shown for issuance of the wiretap Order (id. ¶ 30).  In its supplement, the Government pointed out that the affiant agent, Marcello Falconetti, was not aware of CS-1's criminal charges before or during the wiretaps, in fact learning of the pending local court charges a year later in January 2011 (Docket No. 95, Gov't Supp'al Response at 3-4; id., Ex. A, Falconetti Aff. of Apr. 9, 2012, ¶¶ 3-4).  Falconetti did not inquire further about the nature of those pending charges in 2011 because CI-1 was represented by counsel in that matter (id., Ex. A, Falconetti Aff. of Apr. 9, 2012, ¶ 4).  The omission of CS-1's criminal record was not

---

[3]The Government declined to identify CS-1 or confirm Krajas' identification, Docket No. 87, Gov't Response to Krajas, at 14 n.1.

necessary for the probable cause determination that Krajas was committing drug trafficking crimes over his cellular telephone and Krajas failed to show that this omission was intentional or reckless (Docket No. 95, Gov't Supp'al Response at 4-5, Ex. B (wiretap Order)).  Even if CS-1 is excluded from consideration, the Government concludes that this Court had ample information to support probable cause from CS-2, from prior purchases of cocaine by CS-2 from Krajas, from the controlled purchases from Krajas by CS-2, and CS-2 stating that Krajas used the telephone to conduct drug trafficking (id. at 5-6).  (See Docket No. 103, Order of July 19, 2012, at 11-12.)

      This Court granted Krajas' motion (id. at 13), stating

> "Again, Krajas needs to make a substantial showing that the warrant affidavit contains a false or omitted statement; that the statement was included intentionally or recklessly; and that the statement was an integral to the probable cause finding in order to be entitled to a Franks hearing, Franks, supra, 438 U.S. 154.  A review of the wiretap application shows that probable cause was established through CS-2 activities and interactions with Krajas.  According to Agent Falconetti, CS-2 had made drug transactions with Krajas by calling Krajas on the cellular telephone that was to be monitored (Docket No. 83, Krajas Ex. A, Wiretap Application, Ex. C, Falconetti Aff. ¶¶ 17(a)(i), (ii), 20-34).  CS-1, who Krajas now identifies and objects to omissions about his background, connects Palmer, Jr., as the supplier of cocaine to Krajas (id. ¶¶ 34(a), 16, 16(a)(i)-(ii)).  CS-1 states that Krajas uses his cellular telephone to then sell these drugs (id. ¶ 16(a)(v)).  But Krajas points to instances where CS-2 controlled when consensual conversations were recorded and, when not recorded, how Government agents had to rely upon CS-2's version of the conversations (Docket No. 93, Krajas Memo. at 11-12).
>      "Krajas has established that facts were omitted from Chief Judge Skretny in applying for the wiretap and that these statements (and the credibility findings that could be drawn from them) were integral to finding probable cause for the wiretap.  Therefore, a Franks hearing **will be held**; a separate Order will notice that hearing."

(Id.)

      The Government now moves for reconsideration, arguing that this Court failed to indicate which specific facts were omitted from Chief Judge Skretny in his consideration of the wiretap

4

application and whether those facts were integral to the finding of probable cause (Docket No. 108, Gov't Motion at 1-2). The Government also faults the Order for not addressing whether defendant made a "substantial preliminary showing" that the affiant, Federal Bureau of Investigation agent Marcello Falconetti, made omissions knowingly and intentionally or with reckless disregard for the truth, as required for a Franks hearing (id. at 2). The Government concludes that this Court did not demonstrate that Krajas had established any of the elements necessary for a Franks hearing--a false statement or material omission; made knowingly, intentionally, recklessly; and was necessary for finding probable cause (id.).

The Government contends that Falconetti was not aware of the omission Krajas points to, the fact that CS-1 lived with Krajas.

## DISCUSSION

I.  Applicable Standards

   A.   Reconsideration Standard in Criminal Prosecutions

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure have no express provision for reconsideration of Orders. In this District, Judge Larimer in another case has held that a Magistrate Judge had the "discretion to reconsider or reopen prior proceedings which precipitated" the Magistrate Judge's decision, United States v. Florack, 155 F.R.D. 49, 51 (W.D.N.Y. 1994). In Florack, the Government sought reconsideration (pursuant to then Federal Rule of Criminal Procedure 12(f)[4]) by Magistrate Judge Fisher of his refusal to allow the Government to argue an otherwise defaulted suppression motion, id. at 50-51; see id. at 51-52 (Report & Rec. of Fisher, Mag. J.). Judge Siragusa of this Court held in

---

[4]Now, in part, Federal Rule of Criminal Procedure 12(e).

United States v. Amanuel, No. 05CR6075, 2006 WL 266560, at *1 (W.D.N.Y. Jan. 31, 2006), that the civil standard for reconsideration is applicable in criminal cases, that the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," id. (internal quotations and citations omitted).

      B.      Franks v. Delaware

Under Franks a defendant may challenge whether false or material omission of material was presented to the judge considering a warrant or wiretap application.  Where "a defendant has made a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request," 438 U.S. at 155-56; see id. at 171.  As held in Franks,

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient. . . .  Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.  On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

Id. at 171-72 (footnote omitted). There is a presumption of validity with respect to the supporting affidavit for warrant and wiretap applications, id. at 171.

II.     Application

    A.     Reconsideration

Here, the Government points to elements of the standard for granting a Franks hearing that were overlooked. The initial Order did not clearly indicate the false statement or omission at issue for a hearing. The issues that warranted a hearing were (a) whether CS-1's connection with Krajas was disclosed to Chief Judge Skretny and (b) whether the fact the CS-2 controlled whether or not his conversations were being recorded. Therefore, reconsideration is **granted**.

    B.     Defendant Preliminary Showing

The Government contends that Krajas has not made a sufficient "substantial preliminary showing" to warrant a Franks hearing (Docket No. 108, Gov't Motion at 1-2). As previously found (Docket No. 103, Order of July 19, 2012, at 13), Krajas has met that substantial preliminary showing. First, Krajas faults reliance upon CS-1 since he lived with him and committed offenses against him. Second, Krajas questions how controlled the transactions that allegedly occurred with CS-2 since CS-2 controlled when consensual conversations with defendant were recorded or not recorded (id.; see also Docket No. 93, Krajas Memo. at 11-12). Having met that threshold, this Court must examine whether there were false statements or material omissions from the application for the wiretap, whether these falsehoods or omissions were knowing, and whether the statements at issue were necessary to show probable cause.

7

      C.      Whether False Statement or Material Omission Was Made?

At issue here are material omissions about CS-1's criminal history (including the alleged robbery from Krajas) and how CS-2 conducted his consensual monitoring to justify issuance of the wiretap; no one claims that false statements were made. The Government claims that agent Falconetti did not know CS-1's criminal history. As for CS-2, the Government states that most of the conversations were consensually recorded by CS-2 (Docket No. 108, Gov't Motion at 3-4) but does not address the issue of CS-2's control over the recording process.

      D.      Knowing, Intentional or Reckless Statement or Omission?

The Government claims that agent Falconetti did not know of CS-1's criminal history and, later argued, that Falconetti could not (consistent with Justice Department policy) contact a represented party (here CS-1) to learn that history. Other sources, such as the District Attorney's office or Town Court, were identified that Falconetti could have checked.

Affiant Falconetti should have learned the criminal history of CS-1 before producing him as a source for probable cause for a wiretap, even if this due diligence required him to contact the District Attorney or other law enforcement (or run a state arrest record report) to learn if there were anything that would taint the informant's credibility. He did not need to violate Justice Department regulations and make a direct inquiry of the represented informant outside the presence of counsel; Falconetti could have had CS-1's counsel present when asking. But, Falconetti did not do this and relied upon the agent's limited knowledge of the criminal history of CS-1. At worst, this was negligence on the agent's part and not sufficient grounds for a Franks hearing, cf. Franks, supra, 438 U.S. at 171.

But keeping the material arising from CS-1, there is a sufficient basis to support a finding of probable cause and, despite any misgivings regarding CS-2, there is no basis for a Franks hearing.

  E. Statement Necessary for Probable Cause?

Finally, the Government points to the statements of two other informants, CS-3 and CS-4, as further support for issuance of the wiretap Order (Docket No. 108, Gov't Motion at 4). But these are regarding the activities of Charles Palmer, Sr., which might support a wiretap as to Palmer but cannot be used as probable cause as to Krajas. The only connection between the criminal activity and Krajas are CS-1 and CS-2. Thus, their statements were necessary to establish probable cause to warrant a wiretap as to Krajas.

  F. In Summary

Upon reconsideration, this Court finds that Krajas made a substantial preliminary showing for inquiry whether a Franks hearing should be held. The statements of CS-1 and CS-2 were necessary to establish probable cause to monitor Krajas' telephone. There was an omission from the facts presented to Chief Judge Skretny in CS-1's recent criminal history, but that omission was only due to the negligence of the affiant agent as to CS-1. That is not a sufficient basis for a Franks hearing. Given that there was probable cause from CS-1's statements, the fact that CS-2 controlled the consensual recording process (rather than Government agents) and that this may be a material omission not told to the Chief Judge, if putting CS-2's material to one side "there remains sufficient content in the warrant affidavit to support a finding of probable cause, no [Franks] hearing is required," Franks, supra, 438 U.S. at 172.

CONCLUSION

For the reasons stated above, the Government's motion (Docket No. 108) for reconsideration of the Order for a Franks hearing for defendant George Krajas is **granted** and upon that reconsideration Krajas' motion for a Franks hearing (Docket No. 76, Krajas Atty. Affirm. ¶¶ 29-35) is **denied**

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 6, 2012